# IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| GINA TASSONE, | Case No. 1:15-cv-08557 |
| Plaintiff, | Judge Robert W. Gettleman |
| vs. | Magistrate Judge Susan E. Cox |
| UNITED OF OMAHA LIFE INSURANCE COMPANY; and MIRAMED GLOBAL SERVICES, INC. LONG-TERM DISABILITY PLAN, |  |
| Defendants. |  |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN

Pursuant to this Court's Orders (ECF #s 60, 62), Plaintiff files this motion for entry of a judgment in an amount sum certain, and submits a proposed order to the Court's inbox. On August 30, the Court held Defendant United of Omaha Life Insurance Company wrongly terminated Plaintiff's long-term disability ("LTD") benefits. Defendant United of Omaha last paid Plaintiff disability insurance benefits for the period August 1–31, 2014. (ECF #61 at 10; ECF #51, AR 1820–36). Plaintiff's gross LTD benefit was $3,650.01 per month. (ECF #45, Plaintiff's Proposed Findings of Fact ¶ 89; ECF #51 at AR 3717). In November 2016, the Social Security Administration awarded Tassone disability benefits dating back to December 2012, with an initial entitlement of $1808.10 per month. (Ex. 1, SSA Notice of Award). In December 2016, the Social Security Administration released those benefits, but withheld $6,000 for payment to Tassone's legal representative for assistance in obtaining those benefits. (Ex. 2, SSA Release of Benefits).

The insurance policy provides that it offsets receipts of Social Security Disability benefits, but does not offset the cost of living adjustments. (ECF #51 at AR 0025). Therefore, from December 2012 and on, Plaintiff's net monthly benefit was $1841.91 ($3650.01-$1808.10). For the time period of September 2014 through August 2017, the past due benefit is thus $66,308.76 (36 months x $1841.91). But for the time period December 1, 2012 through August 31, 2014, Defendant had paid Plaintiff the gross disability benefit sans offset, and thus overpaid Plaintiff by $37,970.10 (21 months x $1808.10). Plaintiff, however, had $6,000 of her SSA benefit withheld to satisfy attorney's fees. (Ex. 2). Because the SSA benefit reduces dollar-for-dollar United of Omaha's liability to Plaintiff, under the common fund doctrine United of Omaha should bear the cost of obtaining those benefits, thus reducing the overpayment to $31,970.10. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 103–05 (2013) (holding in absence of ERISA plan providing otherwise, the common fund rule is imported into ERISA plans and requires the party benefitting from a recovery to bear the proportional cost of legal fees to obtain the benefit). Subtracting what United of Omaha overpaid Plaintiff from what United of Omaha owes Plaintiff results in a total past due liability of $34,338.66.

The Court awarded pre-judgment interest at the prime rate. (ECF #61 at 18). The prime rate has steadily increased from 3.25% in September 2014 to 4.25% presently. Because there is a liability from United of Omaha to Plaintiff, as well as an overpayment by United of Omaha to Plaintiff, there are two ways of calculating the interest. United of Omaha typically made payments in arrears on about the 6th day of the month (meaning the August 2017 payment would have been made on September 6, 2017). The first method of calculating pre-judgment interest would be to simply apply the then existing prime rate to the net payment United of Omaha

retroactive owes to Plaintiff, as performed in Exhibit 3, which results in total pre-judgment interest of $3,906.68.

The alternative method is to apply the interest to the payments each party should have made to one another at the time the actual payment by each party would have been made. This accounts for the fact that United of Omaha would have paid the gross benefit of $3650.01 to Plaintiff each month until December 2016, and paid the net thereafter. Also, Plaintiff would have returned the overpayment to Defendant made upon receiving the Social Security benefits by early January 2017. Exhibit 4 thus reflects the interest accrued as if United of Omaha made the required payments until Plaintiff received her Social Security Award, and then Plaintiff immediately repaid Defendant (thus reducing the principal accrued past due benefit). The resulting pre-judgment interest owed by Defendants to Plaintiff under this method is $4,931.75. The latter calculation more accurately reflects the economic realities of the position each party would have been in had United of Omaha not breached its insurance contract with Plaintiff. Thus, the Court should award Plaintiff $4,931.75 in pre-judgment interest.

WHEREFORE, Plaintiff prays that judgment be entered on her behalf awarding:

1. $34,338.66 in net past due benefits under the insurance policy
2. $4,931.75 in pre-judgment interest.


/s/ Michael Bartolic
Michael Bartolic
Roberts Bartolic LLP
208 South LaSalle Street
Suite 1420
Chicago, Illinois 60604
Phone: (312) 635-1600
Email: mbartolic@robertsbartolic.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on September 18, 2017 a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following counsel of record:


Edna S. Kersting
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Tel: (312) 821-6162
Fax: (312) 704-1522
edna.kersting@wilsonelser.com

                                                /s/ Michael Bartolic
                                                Michael Bartolic